1   Steven R. Blackburn, State Bar No. 154797
    Rachel S. Hulst, State Bar No. 197330
2   EPSTEIN BECKER & GREEN, P.C.
    One California Street, 26th Floor
3   San Francisco, California 94111-5427
    Telephone:  415.398.3500
4   Facsimile:  415.398.0955
    sblackburn@ebglaw.com
5   rhulst@ebglaw.com

6   Attorneys for Defendants
    C&H Sugar Company, Inc. and
7   Kyle Stradleigh

8                   **UNITED STATES DISTRICT COURT**

9                   **NORTHERN DISTRICT OF CALIFORNIA**

10  JOAQUIN LEAL,                           **CASE NO.**

11              Plaintiffs,                 **NOTICE OF REMOVAL – FEDERAL
                                            QUESTION**
12          v.

    C & H SUGAR COMPANY, INC.;
13  KYLE STRADLEIGH (in his individual and
    professional capacities); and
14  DOES 1 through 100 Inclusive,

15              Defendants.

16

17  TO THE CLERK OF THE ABOVE-ENTITLED COURT:

18          PLEASE TAKE NOTICE that Defendants C&H Sugar Company, Inc. ("C&H") and

19  Kyle Stradleigh ("Stradleigh," collectively "Defendants") hereby remove to this Court the state

20  court action described below.

21          1.      On February 20, 2008, an action was commenced in the Superior Court in and for

22  the County of Contra Costa, entitled *Joaquin Leal v. C&H Sugar Company, Inc.; KYLE*

23  *STRADLEIGH (in his individual and professional capacities); and DOES 1 through 100*

24  *Inclusive,* designated as Case No. C08-00413.

25          2.      Plaintiff's Complaint contains seven causes of action:  (1) disability

26  discrimination in violation of the Fair Employment and Housing Act, California Government

27  Code section 12940; (2) harassment based on disability in violation of the Fair Employment and

28  Housing Act, California Government Code section 12940; (3) retaliation in violation of the Fair

Employment and Housing Act, California Government Code section 12940(f); (4) wrongful termination in violation of public policy; (5) violation of the Family Medical Leave Act and the California Family Rights Act; (6) intentional infliction of emotional distress; and (7) breach of contract. Defendant C&H Sugar Company, Inc. was served through its registered agent on March 19, 2008. Defendant Kyle Stradleigh was personally served on March 29, 2008. True and correct copies of the Summons, Complaint, and all papers served therewith on both Defendants, are attached hereto as **Exhibit A**. On April 17, 2008, Defendants C&H and Kyle Stradleigh collectively filed an Answer to the Complaint in Contra Costa County Superior Court. A true and correct copy of that Answer is attached hereto as **Exhibit B**. Defendants are informed and believe, and thereon allege, that other than the pleadings attached to this Notice of Removal, there have been no further pleadings, process, or orders filed in this action.

3.      This is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1331, as it contains a claim "arising under the Constitution, laws or treaties of the United States," specifically, 29 U.S.C. sections 2601, et seq., and is therefore one which may be removed to this Court by Defendants C&H Sugar Company, Inc. and Kyle Stradleigh pursuant to the provisions of 28 U.S.C. § 1441(b). (*See* Plaintiff's Fifth Cause of Action for violation of the Family Medical Leave Act; *see also* paragraph 35 of the Complaint.)

4.      Removal is timely pursuant to 28 U.S.C. § 1446(b) because it is made within 30 days after Plaintiff's Complaint was served on Defendant C&H Sugar Company March 19, 2008, and Defendant Kyle Stradleigh on March 29, 2008.

5.      Venue properly lies in the United States District Court for the Northern District of California, pursuant to 28 U.S.C. §§ 1391(b) and 1441(b), because Plaintiff's state court complaint was filed in a California Superior Court within this District. 28 U.S.C. § 84(b).

6.      <u>Intradistrict Assignment</u>. Pursuant to Local Rule 3-120(d), intradistrict venue properly lies in the San Francisco Division because Plaintiff's state court complaint was filed in the Superior Court in and for the County of Contra Costa.

- 2 -

WHEREFORE Defendants C&H Sugar Company, Inc. and Kyle Stradleigh pray that the above-referenced action be removed from the Contra Costa County Superior Court to this Court.

DATED: April 18, 2008                    EPSTEIN BECKER & GREEN, P.C.


By: _____
      Steven R. Blackburn
      Rachel S. Hulst
Attorneys for Defendants
C & H SUGAR COMPANY, INC. and
KYLE STRADLEIGH

- 3 -

# EXHIBIT A

# SUMMONS
## (CITACION JUDICIAL)

SUM-100

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
C & H SUGAR COMPANY, INC.; KYLE STRADLEIGH (in his
individual and professional capacities); and

DOES 1 to 100, Inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
JOAQUIN LEAL

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

FILED

2008 FEB 20 P 1:34

COUNTY OF CONTRA COSTA CAL
BY_____ C. Green, Deputy Clerk

---

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniendose en contacto con la corte o el colegio de abogados locales.*

---

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Contra Costa County Superior Court<br>649 Main Street<br>Martinez CA 94553 | CASE NUMBER:<br>*(Número del Caso):*<br>C 08 - 00413 |
| --- | --- |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
AMANDA UHRHAMMER                          916-446-4692      916-447-4614
Mastagni, Holstedt, Amick, Miller, Johnsen & Uhrhammer
A PROFESSIONAL CORPORATION                                        C. Green
1912 I Street   Sacramento   CA   95814

DATE: FEB 20 2008                    CLERK OF THE        Clerk, by _____, Deputy
*(Fecha)*                            SUPERIOR COURT      *(Secretario)*                    *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):* C+H Sugar Company, Inc.

    under: ☑ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
           ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
           ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
           ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*                                    Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Legal
Solutions
Plus

Code of Civil Procedure §§ 412.20, 465

1  AMANDA UHRHAMMER (SBN 199445)
   MASTAGNI, HOLSTEDT, AMICK,
2  MILLER, JOHNSEN & UHRHAMMER
   *A Professional Corporation*
3  1912 "I" Street
   Sacramento, California 95814
4  Telephone: (916) 446-4692
   Facsimile: (916) 447-4614
5
   Attorneys for Plaintiff JOAQUIN LEAL
6

**FILED**

2008 FEB 20 P 1:34

COUNTY CONTRA COSTA

BY_____ C. Green, Deputy Clerk

7

8          IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

9              IN AND FOR THE COUNTY OF CONTRA COSTA

10

11  JOAQUIN LEAL,                        Case No.:  **C 08 - 00413**

12                Plaintiffs,            **COMPLAINT FOR DAMAGES;**
                                         **DISABILITY DISCRIMINATION;**
13                                       **DISABILITY HARASSMENT;**
                                         **RETALIATION; WRONGFUL**
14  v.                                   **TERMINATION; VIOLATION OF**
                                         **FAMILY MEDICAL LEAVE ACT;**
15  C & H SUGAR COMPANY, INC.; KYLE      **INTENTIONAL INFLICTION OF**
    STRADLEIGH (in his individual and    **EMOTIONAL DISTRESS; BREACH OF**
16  professional capacities); and DOES 1 through   **IMPLIED CONTRACT; JURY TRIAL**
    100, Inclusive,                      **DEMANDED**
17
                  Defendants.
18                                       PER LOCAL RULE 5 THIS
                                         CASE IS ASSIGNED TO
19  Plaintiff alleges as follows:        DEPT _____

20              **PRELIMINARY PARAGRAPHS**

21      1.      Plaintiff, JOAQUIN LEAL (hereinafter "Plaintiff"), is an individual and is now, and

22  at all times mentioned herein was, a resident of the State of California.

23      2.      At all times mentioned herein, Plaintiff was an employee of Defendant, C & H

24  SUGAR COMPANY, INC., (hereinafter referred to as Defendant C&H)

25      3.      Defendant, C & H is, and at all times herein mentioned was, a California Corporation

26  with its principal place of business in the State of California and is an entity subject to suit under the

27  California Department of Fair Employment and Housing Act, Government Code §12900 *et seq.*

28

---

COMPLAINT FOR DAMAGES,
JURY TRIAL DEMANDED                          1

1    ("FEHA"). in that Defendant is an employer which regularly employs more than five (5) persons.

2    4.    Defendant KYLE STRADLEIGH is. and at all times mentioned herein was. an

3    employee of Defendant C&H as Director of Human Resources and was. at all times mentioned herein.

4    acting within the course and scope of his employment with Defendant C&H. and is sued herein

5    individually and as an employee of Defendant C&H.    Defendant STRADLEIGH refused to

6    accommodate Plaintiff. harassed. denied family and medical leave and ultimately terminated Plaintiff

7    as a result of Plaintiff's mental disability.

8    5.    The true names of Does 1 to 50 are unknown to Plaintiff who therefore sues said

9    Defendants by such fictitious names. The true names and capacities. whether individual. public.

10    political or otherwise. of DOE Defendants 51 to 100. inclusive. are unknown to Plaintiff. who

11    therefore sues said Defendants by such fictitious names. pursuant to Code of Civil Procedure section

12    474. Plaintiff is informed and believes. and upon such information and belief. alleges. that each of

13    said Defendants is responsible in some manner for the events and happenings hereinafter referred to.

14    and that Defendants were the agents and employees of their codefendants. and in doing the things

15    alleged in this complaint were acting within the course and scope of that agency and employment. and

16    it shall be deemed that said Defendant Does 51 to 100. inclusive. and each of them. are likewise the

17    subject of said charging allegations.

18    6.    Plaintiff is informed and believes. and upon such information and belief. alleges that

19    at all times herein mentioned. each Defendant was the agent. servant. and/or employee of the

20    remaining Defendants. and at all times herein mentioned. were acting within the course and scope of

21    said agency and/or employment.

22    7.    At all times herein relevant. each Defendant. including each DOE Defendant. was the

23    agent. joint venturer. servant. and/or employee of Defendants. and in committing the acts and

24    omissions as herein alleged. was acting within the course and scope of his or her position. and was

25    an agent of the other Defendants and ratified the conduct of the other Defendants.

26    8.    At all times herein relevant. C&H has or does employ 50 or more employees in 20 or

27    more workweeks in the current or preceding calendar year that are engaged in commerce or in an

28    industry or activity affecting commerce.

---

COMPLAINT FOR DAMAGES.
JURY TRIAL DEMANDED                              2

MASTAGNI. HOLSTEDT. AMICK.
MILLER. JOHNSEN & UHRHAMMER
A PROFESSIONAL CORPORATION
1912 I STREET
SACRAMENTO. CALIFORNIA 95814

9. Plaintiff has complied with all applicable claims statutes. Plaintiff filed a complaint with the Department of Fair Employment and Housing and received a Right to Sue notice on or about March 12, 2007.

10. Plaintiff seeks recovery of damages arising from Defendants' tortious and discriminatory acts against him including tort and punitive damages, and statutory attorney's fees and costs.

11. Plaintiff has exhausted all administrative remedies available to him.

## EXCEPTION FROM THE EXCLUSIVE REMEDY RULE

12. Plaintiff's claims are excepted from the Exclusive Remedy Rule of workers' compensation on the grounds that Defendants' actions are in violation of California's Fair Employment and Housing Act, Gov. Code § 12940 *et seq.*, and that the conditions under which Plaintiff was forced to work were not a normal part of the employment relationship. (*Accardi v. Superior Court* (1993) 17 Cal.App.4th 341.)

## FACTS COMMON TO ALL CAUSES OF ACTION

13. Plaintiff commenced employment with Defendant C&H in approximately June 2001 as a first-class journeyman.

14. Between June 2001 and Plaintiff's termination on or about January 1, 2007, Plaintiff's performance of his duties for Defendant C&H was exemplary to the point that Plaintiff was promoted repeatedly by Defendant C&H, at one point attaining the position of Relief Foreman for Defendant C&H.

15. At the time Plaintiff was terminated on or about January 1, 2007, Plaintiff's position was that of a Lead Man Specialist and was earning approximately $24.17 per hour.

16. On or about September 21, 2006, Plaintiff met with Darrel Westbrook, Ph.D., a psychologist, to discuss Plaintiff's psychological condition.

17. Dr. Westbrook, after having met with Plaintiff on September 21, 2006, diagnosed Plaintiff as suffering from depression. Dr. Westbrook, after diagnosing Plaintiff with depression, directed Plaintiff to remain off of work completely through October 16, 2006. Dr. Westbrook also found that the source of Plaintiff's depression was work-related.

MASTAGNI, HOLSTEDT, AMICK,
MILLER, JOHNSEN & UHRHAMMER
A PROFESSIONAL CORPORATION
1912 I STREET
SACRAMENTO, CALIFORNIA 95814

18.    Plaintiff, per Defendant C&H's policy, timely provided Defendant C&H with the necessary medical paperwork.

19.    At some time between Plaintiff being taken off of work by Dr. Westbrook on or about September 21, 2006 and October 6, 2006, Plaintiff was contacted by a Defendant C&H medical department employee. The employee of Defendant C&H informed Plaintiff that he was required to meet with Defendant C&H's own physician on or about October 6, 2006.

20.    On October 6, 2006, Plaintiff met with Defendant C&H's physician. Defendant C&H'S physician stated that he would see Plaintiff again in about ten (10) days. Defendant C&H's physician allowed Plaintiff to return home and, at no time during the October 6, 2006 appointment, did Defendant C&H's physician direct Plaintiff that he was to return to work.

21.    On or about October 12, 2006, Plaintiff again met with his psychologist, Dr. Westbrook. Dr. Westbrook confirmed his initial diagnosis of depression and directed Plaintiff to remain off work up through October 31, 2006. Again, Dr. Westbrook found Plaintiff's depression to be job-related.

22.    Per Defendant C&H's directive, Plaintiff again met with Defendant C&H's physician on October 17, 2006. Defendant C&H's physician allowed Plaintiff to return home and, at no time during the October 17, 2006 appointment, did Defendant C&H's physician direct Plaintiff that he was to return to work.

23.    On or about October 26, 2006, Plaintiff again met with his psychologist, Dr. Westbrook. Dr. Westbrook again confirmed his initial diagnosis of depression and directed Plaintiff to remain off work up through November 6, 2006. Dr. Westbrook continued to opine that Plaintiff's depression was job-related.

24.    Per Defendant C&H's directive, Plaintiff again met with Defendant C&H's physician on October 27, 2006. Defendant C&H's physician allowed Plaintiff to return home and, at no time during the October 27, 2006 appointment, did Defendant C&H's physician direct Plaintiff that he was to return to work.

25.    On or about November 2, 2006, Plaintiff again met with his psychologist, Dr. Westbrook. Dr. Westbrook confirmed his initial diagnosis of depression and directed Plaintiff to

MASTAGNI, HOLSTEDT, AMICK,
MILLER, JOHNSEN & UHRHAMMER,
A PROFESSIONAL CORPORATION
1912 I STREET
SACRAMENTO, CALIFORNIA 95814

1 remain off work up through November 5, 2006. Again, Dr. Westbrook found Plaintiff's depression

2 to be job-related. Dr. Westbrook concluded that Plaintiff would be well enough to return to work

3 without restrictions on November 6, 2006.

4      26.     Per Defendant C&H's directive, Plaintiff again met with Defendant

5 C&H's physician on November 3, 2006. Plaintiff informed Defendant C&H's physician that he was

6 now fine and that he could return to work. Plaintiff then received a letter stating that Defendant C&H,

7 or its employees and/or agents, would call Plaintiff to inform him of his return date.

8      27.     On November 6, 2006, Plaintiff had not received any communication from Defendant

9 C&H with regard to his return. Plaintiff contacted his union representative who in turn contacted

10 Defendant STRADLEIGH, Director of Human Resources.

11      28.     Based on information and belief, Plaintiff alleges that Defendant STRADLEIGH

12 informed Plaintiff's union representative that Defendant STRADLEIGH required a letter from

13 Plaintiff's physician indicating that Plaintiff's time off due to his depression was not work-related.

14      29.     Plaintiff provided a letter from Dr. Westbrook to Defendant STRADLEIGH on

15 November 6, 2006, the substance of which stated that Plaintiff was taken off of work for treatment

16 of depression and stress. That letter also stated that work stress factored in to Plaintiff's condition.

17 The letter unequivocally stated that Plaintiff was able to return to work.

18      30.     Plaintiff received no response from Defendant C&H or STRADLEIGH until

19 November 13, 2006. Plaintiff contacted his union representative. On information and belief, Plaintiff

20 alleges that he was informed that Defendants C&H and STRADLEIGH claimed that the letter

21 Plaintiff provided on November 6, 2006, was "not good enough."

22      31.     Plaintiff, on November 14, 2006, then provided Defendant C&H with a second

23 letter from Dr. Westbrook. Dr. Westbrook again indicated that Plaintiff was being treated for a

24 depressive disorder and some personal stressors. The letter repeated that Plaintiff was fit to return

25 to work.

26      32.     The November 14, 2006 letter again failed to satisfy Defendants C&H and

27 STRADLEIGH and, ignoring its pronouncement, refused to return Plaintiff to work. Defendant C&H

28 failed to provide Plaintiff with specific information as to why the note from Dr. Westbrook was

MASTAGNI, HOLSTEDT, AMICK,
MILLER, JOHNSEN & UHRHAMMER
A PROFESSIONAL CORPORATION
1912 I STREET
SACRAMENTO, CALIFORNIA 95814

insufficeint.

33.    On or about January 22. 2007. Plaintiff was mailed a document entitled "Benefits and Termination of Employment" which stated that the following was a review of Plaintiff's benefits as a result of Plaintiff's termination of employment on January 1. 2007.

34.    Plaintiff suffers from a serious health condition and disability which affects one or more major life activities. He is qualified to perform the essential and material duties of his position as a Lead Man Specialist for Defendant C&H. with or without reasonable accommodation.

35.    Plaintiff further was eligible for benefits under the Family Medical Leave Act as he worked for a covered employer (C&H). worked for a total of at least 12 months with C&H. worked at least 1,250 hours for C&H over the previous 12 months. and worked at a location where at least 50 employees are regularly employed by C&H.

36.    As a result of Plantiff's actions and providing Defendant C&H with Dr. Westbrook's opinions. Defendant C&H knew. or should have known. that Plaintiff suffered from a serious health condition and qualified disability.

## FIRST CAUSE OF ACTION

### (DISCRIMINATION BASED ON DISABILITY IN VIOLATION OF GOVERNMENT CODE § 12940 et seq.)

37.    The allegations of paragraphs 1 through 36 are re-alleged and incorporated herein by reference. This cause of action is plead against Defendant C&H only.

38.    Plaintiff is a member of a protected class based on his physical disability.

39.    Defendants were at all material times employers within the meaning of Government Code section 12926(c) and. as such. were barred from discriminating against Plaintiff on the basis of his physical disability. as set forth in Government Code section 12940 et seq.

40.    Defendants engaged in employment practices relating to accommodation. employment. transfer. overtime. scheduling and promotion requests of disabled employees which. on their face. were neutral or appeared to treat different protected groups equally. but did result in a discriminatory result and/or impact. These employment practices consisted of a systemic failure adequately to provide for. and select for employment. employment opportunities. training. transfers and/or

---

COMPLAINT FOR DAMAGES.
JURY TRIAL DEMANDED                                         6

MASTAGNI. HOLSTEDT. AMICK.
MILLER. JOHNSEN & UHRHAMMER
A PROFESSIONAL CORPORATION
912 I STREET
SACRAMENTO. CALIFORNIA 958

promotions. overtime assignments. scheduling assignment and/or scheduling accommodations for employees who suffer from physical disabilities. These Defendants failed to investigate and remedy complaints made by Plaintiff. failed to accommodate Plaintiff. and enacted procedures that had the effect of a disproportionate adverse impact on Plaintiff and other disabled employees who request employment. reasonable accommodation. overtime scheduling accommodations. scheduling accommodations. training. transfers and/or promotions. These employment practices caused significant disproportionate adverse impact on Plaintiff and other members of Plaintiff's protected group.

41.     As a direct and proximate result of Defendants' conduct. Plaintiff has suffered and continues to suffer substantial losses incurred in seeking substitute employment and in earnings. loss of the opportunity for a career with Defendants. and other employment pensions and benefits he would have received had Defendants not engaged in the aforementioned conduct.

42.     As a proximate result of Defendants' conduct. Plaintiff has suffered and continues to suffer emotional distress. embarrassment. anxiety. physical injury. and humiliation. which will likely affect him the rest of his life. damage in an amount according to proof.

43.     Defendants committed the acts alleged herein maliciously. fraudulently. and oppressively. in bad faith. with the wrongful intention of injuring Plaintiff. from an improper and evil motive amounting to malice. in a conscious disregard of Plaintiff's rights. Plaintiff thus is entitled to recover punitive damages from Defendants in an amount according to proof.

44.     As a result of Defendants' harassing and discriminatory acts as alleged herein. it was necessary for Plaintiff to retain counsel to represent him. and Plaintiff therefore is entitled to reasonable attorneys' fees and costs of suit as provided by Government Code section 12965(b).

WHEREFORE. Plaintiff requests relief as hereinafter provided.

## SECOND CAUSE OF ACTION

### (HARASSMENT BASED ON DISABILITY IN VIOLATION OF GOVERNMENT CODE § 12940)

45.     The allegations of paragraphs 1 through 44 are re-alleged and incorporated herein by reference. This cause of action is pled against all Defendants.

---

MASTAGNI. HOLSTEDT. AMICK.
MILLER. JOHNSEN & UHRHAMMER
A PROFESSIONAL CORPORATION
1912 I STREET
SACRAMENTO. CALIFORNIA 95811

46. Plaintiff is a member of a protected class based on his disability.

47. Defendants were at all material times employers within the meaning of Government Code section 12926(c) and, as such, were barred from harassing Plaintiff on the basis of his disability, as set forth in Government Code section 12940.

48. Defendants engaged in employment practices relating to employment, overtime assignments, scheduling requests, promotion and transfer requests of Plaintiff which subjected Plaintiff to work place harassment and hostility. Due to his disability and/or pereceived disability, Plaintiff was subjected to a hostile work environment which was severe and pervasive in nature after a time when Defendants knew or reasonably should have known, that said conduct caused a hostile work environment.

49. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered and continues to suffer substantial losses in earnings, loss of the opportunity for a career with Defendants, loss of benefits, and other employment pensions and benefits he would have received had Defendants not engaged in the aforementioned conduct.

50. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered and continues to suffer emotional distress, embarrassment, anxiety, physical injury, and humiliation, which will likely affect him the rest of his life, in an amount according to proof.

51. Defendants committed the acts alleged herein maliciously, fraudulently, and oppressively, in bad faith, with the wrongful intention of injuring Plaintiff, from an improper and evil motive amounting to malice, in a conscious disregard of Plaintiff's rights. Plaintiff thus is entitled to recover punitive damages from Defendants in an amount according to proof.

52. As a result of Defendants' harassing and discriminatory acts as alleged herein, it was necessary for Plaintiff to retain counsel to represent him, and Plaintiff therefore is entitled to reasonable attorneys' fees and costs of suit as provided by Government Code section 12965(b).

WHEREFORE, Plaintiff requests relief as hereinafter provided.

///

///

///

MASTAGNI, HOLSTEDT, AMICK,
MILLER, JOHNSEN & UHRHAMMER
A PROFESSIONAL CORPORATION
912 I STREET
SACRAMENTO, CALIFORNIA 958 I I

### THIRD CAUSE OF ACTION

### (RETALIATION IN VIOLATION OF GOVERNMENT CODE § 12940(f))

53.    The allegations of paragraphs 1 through 52 are re-alleged and incorporated herein by reference. This cause of action is pled against all Defendants.

54.    Defendants were at all material times employers within the meaning of Government Code section 12926(c) and, as such, were barred from retaliating against Plaintiff for engaging in a protected activity, as set forth in Government Code section 12940(f).

55.    Defendants and each of them have retaliated against Plaintiff in violation of Government Code section 12940(f) by engaging in a course of retaliatory conduct including, among other things, the conduct set forth in Paragraphs 1 through 50 above, on the basis of Plaintiff's disability, and when Plaintiff engaged in a protected activity, namely complaining of a hostile work environment and discrimination because of his disability. This retaliation included, but was not limited to, denials of employment opportunities, transfers, promotions, denials of reasonable accommodation, denials of requests for scheduling accommodations, and requests not to work in an environment which was aggravating Plaintiff's disability and was otherwise hostile, ultimately concluding in Plaintiff's termination. Said conduct resulted in adverse employment actions to be taken against Plaintiff.

56.    As a proximate result of Defendants' conduct, Plaintiff has suffered and continues to suffer substantial losses in earnings, loss of the opportunity for a career with Defendants, loss of benefits, and other employment pensions and benefits he would have received had Defendants not engaged in the aforementioned conduct against him.

57.    As a proximate result of Defendants' conduct, Plaintiff has suffered and continues to suffer emotional distress, embarrassment, anxiety, physical injury, and humiliation, which will likely affect him the rest of his life, damage in an amount according to proof.

58.    Defendants committed the acts alleged herein maliciously, fraudulently, and oppressively, in bad faith, with the wrongful intention of injuring Plaintiff, from an improper and evil motive amounting to malice, in a conscious disregard of Plaintiff's rights. Plaintiff thus is entitled

---

MASTAGNI, HOLSTEDT, AMICK,
MILLER, JOHNSEN & UHRHAMMER
A PROFESSIONAL CORPORATION
1912 I STREET
SACRAMENTO, CALIFORNIA 95811

1   to recover punitive damages from Defendants in an amount according to proof.

2        59.    As a result of Defendants' retaliatory acts as alleged herein, it was necessary for

3   Plaintiff to retain counsel to represent him, and Plaintiff therefore is entitled to reasonable attorneys'

4   fees, expert witness fees, and costs of suit as provided by Government Code section 12965(b).

5        WHEREFORE, Plaintiff requests relief as hereinafter provided.

6                          **FOURTH CAUSE OF ACTION**

7        **(WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY)**

8        60.    The allegations of paragraphs 1 through 59 are re-alleged and incorporated herein by

9   reference. This cause of action is pled against Defendant C&H.

10       61.    Defendant C&H, through its managers, agents, and supervisors, failed to provide

11  Plaintiff with an adequate remedy for the disability discrimination and/or harassment and/or

12  retaliation he suffered at the hands of Defendants, and any remedy proffered was merely a sham to

13  ignore and further injure Plaintiff's right to work in an environment free from disability

14  discrimination and/or harassment, and/or retaliation. Said conduct constituted a wrongful and/or

15  constructive termination, including violations under the Labor Code. Plaintiff was terminated/forced

16  to quit his current position with Defendant C&H.

17       62.    The actions alleged above violate a public policy and are the proximate cause for

18  Plaintiff's termination and/or constructive termination from the position of Lead Man Specialist.

19       63.    As a proximate result of Defendant's wrongful termination of Plaintiff, as alleged

20  above, Plaintiff has been harmed and thus Plaintiff has suffered the loss of wages, salary, benefits,

21  and additional amounts of money Plaintiff would have received had he not been terminated/forced

22  to resign. As a result of such wrongful termination and consequent harm, Plaintiff has suffered

23  damages in an amount according to proof.

24       64.    As a further proximate result of Defendants' conduct, Plaintiff has suffered

25  humiliation, mental anguish, embarrassment, and emotional and physical distress. Plaintiff has

26  suffered such damages in an amount according to proof.

27       WHEREFORE, Plaintiff requests relief as hereinafter provided.

28  ///

---

COMPLAINT FOR DAMAGES,
JURY TRIAL DEMANDED                    10

MASTAGNI, HOLSTEDT, AMICK,
MILLER, JOHNSEN & UHRHAMMER,
A PROFESSIONAL CORPORATION
1912 I STREET
SACRAMENTO, CALIFORNIA 95814

## FIFTH CAUSE OF ACTION

### (VIOLATION OF

### FAMILY MEDICAL LEAVE ACT/CALIFORNIA FAMILY RIGHTS ACT)

65.    The allegations of paragraphs 1 through 64 are re-alleged and incorporated herein by reference. This cause of action is pled against all Defendants.

66.    Plaintiff was a full-time employee who Defendants employed for over one year, and worked more than 1,250 hours.

67.    Defendant C&H, as a covered employer under FMLA and CFRA, is required to provide up to a 12 week leave of absence for serious medical/health conditions.

68.    Defendant C&H knew, or through the exercise of reasonable diligence should have known, that Plaintiff's medical condition was such that it qualified as a serious medical/health condition pursuant to FMLA and/or CFRA.

69.    Defendant C&H spoke with Plaintiff on numerous occassions, during that which Plaintiff informed Defendant C&H that he had been to his physician and that he suffered from a serious medical/health condition that Defendant C&H knew, or should have known, qualified Plaintiff for FMLA and/or CFRA.

70.    Defendant C&H failed to inform Plaintiff that his serious medical/health condition, of which they knew or should have known, qualified Plaintiff to take up to 12 weeks of leave pursuant to FMLA and/or CFRA.

71.    As a result of Defendants' actions, Plaintiff has suffered irreparable injuries, including but not limited to loss of pay, benefits and other economic losses, emotional pain and suffering, mental anguish, humiliation, embarrassment, personal indignity and other intangible injuries for all of which he should be compensated.

WHEREFORE, Plaintiff requests relief as hereinafter provided.

### SIXTH CAUSE OF ACTION

### (INTENTIONAL INFLICTION
### OF EMOTIONAL DISTRESS)

72.    The allegations of paragraphs 1 through 71 are re-alleged and incorporated herein

---

COMPLAINT FOR DAMAGES.
JURY TRIAL DEMANDED                            11

MASTAGNI, HOLSTEDT, AMICK,
MILLER, JOHNSEN & UHRHAMMER
A PROFESSIONAL CORPORATION
1912 I STREET
SACRAMENTO, CALIFORNIA 9581

1   by reference. This cause of action is pled against all Defendants.

2       73.     The conduct set forth herein was an extreme and outrageous exercise of the

3   authority and position of Defendants and each of them. Defendants and each of them used their

4   positions of authority toward Plaintiff, and engaged in conduct intended to humiliate Plaintiff and

5   to convey to him the message that he was powerless to defend his rights in an open and public

6   manner. Defendants exercised their authority and directly injured Plaintiff by their ratification of

7   their employees' and supervisors' acts and their employees' actions in failing to protect Plaintiff

8   from disability discrimination, harassment and retaliation. Said conduct was intended to cause

9   severe emotional distress, or was done in conscious or reckless disregard of the probability of

10  causing Plaintiff to suffer emotional distress. Said conduct exceeded the inherent risks of

11  employment and was not the sort of conduct normally expected to occur in the workplace.

12      74.     The foregoing conduct did in fact cause Plaintiff to suffer extreme emotional

13  distress. As a proximate result of said conduct, Plaintiff suffered embarrassment, anxiety,

14  humiliation, and emotional distress, and will continue to suffer said emotional distress in the

15  future in an amount according to proof.

16      WHEREFORE, Plaintiff requests relief as hereinafter provided.

17                      **SEVENTH CAUSE OF ACTION**

18                          **(BREACH OF CONTRACT)**

19      75.     The allegations of paragraphs 1 through 74 are re-alleged and incorporated herein

20  by reference. This cause of action is pled against all Defendants.

21      76.     During the entire course of Plaintiff's employment with Defendants, there has

22  existed an employment agreement, written with oral components, between Plaintiff and

23  Defendants which included, but was not limited to, the following terms and conditions:

24          a.      Plaintiff would be able to continue his employment with Defendants

25                  indefinitely so long as he carried out his duties in a proper and competent

26                  manner;

27          b.      Plaintiff would not be denied fair treatment, reasonable accommodation or

28

---

COMPLAINT FOR DAMAGES,
JURY TRIAL DEMANDED                    12

MASTAGNI, HOLSTEDT, AMICK,
MILLER, JOHNSEN & UHRHAMMER
A PROFESSIONAL CORPORATION
1912 I STREET
SACRAMENTO, CALIFORNIA 958

1     be compelled to resign for other than good cause.

2          c.     Defendant would not discriminate against Plaintiff on the basis of physical

3                 disability, or allow him to be harassed or retaliated against.

4     77.     Defendants breached the aforementioned agreement by conduct set forth in this

5     Complaint without regard to or in compliance with the requirements of the aforesaid agreement,

6     and for reasons that were pretextual and untrue. Despite complaints to management regarding the

7     discrimination, retaliation and harassment by Defendants, including their supervisors, agents, and

8     employees, said conduct was never stopped or adequately addressed. In fact, Plaintiff's

9     unwillingness to accept the discrimination, retaliation and harassment in the work environment as

10    it was resulted in increased harassment and other retaliatory behavior.

11         WHEREFORE, Plaintiff requests relief as hereinafter provided.

12                              **PRAYER FOR RELIEF**

13         WHEREFORE, Plaintiff prays for judgment as follows:

14    1.     For special and economic damages, including back pay, front pay and other

15           monetary relief according to proof;

16    2.     For general damages and non-economic damages according to proof;

17    3.     For punitive damages in an appropriate amount;

18    4.     For prejudgment interest at the prevailing legal rate;

19    5.     For reasonable attorneys fees and expert witness fees pursuant to Government

20           Code section 12965 (b);

21    6.     For costs of suit herein incurred; and

22    7.     For such other and further relief as the court deems just and proper.

23

24    Dated: February 15, 2008                     MASTAGNI, HOLSTEDT, AMICK,
                                                    MILLER, JOHNSEN & UHRHAMMER
25

26                                                  _____

27                                                  AMANDA UHRHAMMER
                                                    Attorneys for Plaintiff
28

---

MASTAGNI, HOLSTEDT, AMICK,
MILLER, JOHNSEN & UHRHAMMER
, PROFESSIONAL CORPORATION
912 I STREET
SACRAMENTO, CALIFORNIA 958..

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

AMANDA UHRHAMMER
Mastagni, Holstedt, Amick, Miller, Johnsen & Uhrh
A PROFESSIONAL CORPORATION
1912 I Street
Sacramento CA 95814

TELEPHONE NO.          FAX NO. 916-447-4614

ATTORNEY FOR (Name): Plaintiff

**FILED**

2008 FEB 20 P 1: 34

K
COUNTY
BY
C. Green, Deputy Clerk

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Contra Costa
STREET ADDRESS: 649 Main Street
MAILING ADDRESS:
CITY AND ZIP CODE: Martinez CA 94553
BRANCH NAME: Martinez Superior Court

CASE NAME: Leal v. C&H, et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER C 08 - 00413 |
|---|---|---|
| X Unlimited (Amount demanded exceeds $25,000) | Limited (Amount demanded is $25,000 or less) | Counter   Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE |
| | | DEPT |

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- Auto (22)
- Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- Asbestos (04)
- Product liability (24)
- Medical malpractice (45)
- Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- Business tort/unfair business practice (07)
- Civil rights (08)
- Defamation (13)
- Fraud (16)
- Intellectual property (19)
- Professional negligence (25)
- Other non-PI/PD/WD tort (35)

**Employment**
- X Wrongful termination (36)
- Other employment (15)

**Contract**
- Breach of contract/warranty (06)
- Rule 3.740 collections (09)
- Other collections (09)
- Insurance coverage (18)
- Other contract (37)

**Real Property**
- Eminent domain/Inverse condemnation (14)
- Wrongful eviction (33)
- Other real property (26)

**Unlawful Detainer**
- Commercial (31)
- Residential (32)
- Drugs (38)

**Judicial Review**
- Asset forfeiture (05)
- Petition re: arbitration award (11)
- Writ of mandate (02)
- Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
- Antitrust/Trade regulation (03)
- Construction defect (10)
- Mass tort (40)
- Securities litigation (28)
- Environmental/Toxic tort (30)
- Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- RICO (27)
- Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- Partnership and corporate governance (21)
- Other petition *(not specified above)* (43)

2. This case ⬜ is   X is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ⬜ Large number of separately represented parties   d. ⬜ Large number of witnesses
   b. ⬜ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   e. ⬜ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. ⬜ Substantial amount of documentary evidence   f. ⬜ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. X monetary   b. ⬜ nonmonetary; declaratory or injunctive relief   c. X punitive

4. Number of causes of action *(specify):* Seven Causes of Action

5. This case ⬜ is   X is not   a class action suit.

6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: February 20, 2008

AMANDA UHRHAMMER
_____          _____
(TYPE OR PRINT NAME)                              (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Legal Solutions ⊕ Plus

Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

SUPERIOR COURT - MARTINEZ
COUNTY OF CONTRA COSTA
MARTINEZ, CA, 94553

LEAL VS C&H SUGAR

NOTICE OF CASE MANAGEMENT CONFERENCE                CIVMSC08-00413

1.  NOTICE: THE CASE MANAGEMENT CONFERENCE HAS BEEN SCHEDULED FOR:

DATE: 07/09/08      DEPT: 09      TIME: 8:30

THIS FORM, A COPY OF THE NOTICE TO PLAINTIFFS, THE ADR INFORMATION
SHEET, A BLANK CASE MANAGEMENT CONFERENCE QUESTIONNAIRE, AND A BLANK
STIPULATION FORM ARE TO BE SERVED ON OPPOSING PARTIES.  ALL PARTIES
SERVED WITH SUMMONS AND COMPLAINT/CROSS-COMPLAINT OR THEIR ATTORNEY
OF RECORD MUST APPEAR.

2.  You may stipulate to an earlier Case Management Conference.  If
all parties agree to an early Case Management Conference, please
contact the Court Clerk's Office at (925)957-5794 for Unlimited Civil
cases and (925)957-5791 for Limited Civil cases for assignment of an
earlier date.

3.  You must be familiar with the case and be fully prepared to par-
ticipate effectively in the Case Management Conference and to discuss
the suitability of this case for the EASE Program, private mediation,
binding or non-binding arbitration, and/or use of a Special Master.

4.  At any Case Management Conference the court may make pretrial
orders including the following:

     a.  an order establishing a discovery schedule
     b.  an order referring the case to arbitration
     c.  an order transferring the case to limited jurisdiction
     d.  an order dismissing fictitious defendants
     e.  an order scheduling exchange of expert witness information
     f.  an order setting subsequent conference and the trial date
     g.  an order consolidating cases
     h.  an order severing trial of cross-complaints or bifurcating
         issues
     i.  an order determining when demurrers and motions will be filed

SANCTIONS
If you do not file the Case Management Conference Questionnaire or
attend the Case Management Conference or participate effectively in
the Conference, the court may impose sanctions (including dismissal of
the case and payment of money).

        Clerk of the Superior Court of Contra Costa County
I declare under penalty of perjury that I am not a party to this
action, and that I delivered or mailed a copy of this notice to the
person representing the plaintiff/cross-complainant.      C. Green

Dated: 02/20/08        _____
                        CATHRYN GREEN, Deputy Clerk

- *DO NOT FILE WITH THE COURT* -

CIV-050

- **UNLESS YOU ARE APPLYING FOR A DEFAULT JUDGMENT UNDER CODE OF CIVIL PROCEDURE § 585** -

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name and Address)*: | TELEPHONE NO. | FOR COURT USE ONLY |
|---|---|---|
| AMANDA UHRHAMMER<br>Mastagni, Holstedt, Amick, Miller, Johnsen & Uhr<br>A PROFESSIONAL CORPORATION<br>1912 I Street<br>Sacramento  CA  95814 | | |

ATTORNEY FOR *(name)*:  Plaintiff

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Contra Costa
STREET ADDRESS:  649 Main Street
MAILING ADDRESS:
CITY AND ZIP CODE:  Martinez CA 94553
BRANCH NAME:  Martinez Superior Court

PLAINTIFF:  JOAQUIN LEAL

DEFENDANT:  C & H SUGAR COMPANY, INC.; KYLE STRADL

**STATEMENT OF DAMAGES**
(Personal Injury or Wrongful Death)

CASE NUMBER:
C-08-00413

To *(name of one defendant only)*:   C & H SUGAR COMPANY, INC.
Plaintiff *(name of one plaintiff only)*:
seeks damages in the above-entitled action, as follows:

1. **General damages**

| | | | AMOUNT |
|---|---|---|---|
| a. | X | Pain, suffering, and inconvenience . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | $ 500,000 |
| b. | X | Emotional distress . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | $ 500,000 |
| c. | | Loss of consortium . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | $ |
| d. | | Loss of society and companionship *(wrongful death actions only)* . . . . . . . . . . . . | $ |
| e. | | Other *(specify)* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | $ |
| f. | | Other *(specify)* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | $ |
| g. | | Continued on Attachment 1.g. | |

2. **Special damages**

| | | | |
|---|---|---|---|
| a. | X | Medical expenses *(to date)* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | $ 5,000 |
| b. | X | Future medical expenses *(present value)* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | $ UNKNOWN |
| c. | X | Loss of earnings *(to date)* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | $ UNKNOWN |
| d. | X | Loss of future earning capacity *(present value)* . . . . . . . . . . . . . . . . . . . . . . . . . | $ UNKNOWN |
| e. | | Property damage . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | $ |
| f. | | Funeral expenses *(wrongful death actions only)* . . . . . . . . . . . . . . . . . . . . . . . . | $ |
| g. | | Future contributions *(present value) (wrongful death actions only)* . . . . . . . . . . . | $ |
| h. | | Value of personal service, advice, or training *(wrongful death actions only)* . . . . | $ |
| i. | | Other *(specify)* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | $ |
| j. | | Other *(specify)* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | $ |
| k. | | Continued on Attachment 2.k. | |

3. _____ **Punitive damages**:  Plaintiff reserves the right to seek punitive damages in the amount of *(specify)*. .$ _____
when pursuing a judgment in the suit filed against you.

Date: March 11, 2008

AMANDA UHRHAMMER
(TYPE OR PRINT NAME)

(SIGNATURE OF PLAINTIFF OR ATTORNEY FOR PLAINTIFF)

(Proof of service on reverse)                                                          Page 1 of 2

**STATEMENT OF DAMAGES**
(Personal Injury or Wrongful Death)

Legal
Solutions
Plus

Code of Civil Procedure, §§ 425.11, 425.115

*- DO NOT FILE WITH THE COURT -*

CIV-050

**- UNLESS YOU ARE APPLYING FOR A DEFAULT JUDGMENT UNDER CODE OF CIVIL PROCEDURE § 585 -**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name and Address):* | TELEPHONE NO.: 916-446-4692 | FOR COURT USE ONLY |
|---|---|---|
| AMANDA UHRHAMMER (199445)<br>Mastagni, Holstedt, Amick, Miller, Johnsen & Uhrhammer<br>A PROFESSIONAL CORPORATION<br>1912 I Street<br>Sacramento  CA  95814<br>ATTORNEY FOR *(name):*  Plaintiff | | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Contra Costa

STREET ADDRESS  649 Main Street

MAILING ADDRESS

CITY AND ZIP CODE  Martinez CA 94553

BRANCH NAME  Martinez Superior Court

PLAINTIFF:  JOAQUIN LEAL

DEFENDANT:  C & H SUGAR COMPANY, INC.; KYLE STRADLEIGH

| STATEMENT OF DAMAGES<br>(Personal Injury or Wrongful Death) | CASE NUMBER<br>C-08-00413 |
|---|---|

To *(name of one defendant only):*    KYLE STRADLEIGH(in his individual and professional capacities)
Plaintiff *(name of one plaintiff only):*    JOAQUIN LEAL

seeks damages in the above-entitled action, as follows:

1. **General damages**

|   |   |   | AMOUNT |
|---|---|---|---|
| a. | X | Pain, suffering, and inconvenience | $ 500,000 |
| b. | X | Emotional distress | $ 500,000 |
| c. | | Loss of consortium | $ |
| d. | | Loss of society and companionship *(wrongful death actions only)* | $ |
| e. | | Other *(specify)* | $ |
| f. | | Other *(specify)* | $ |
| g. | | Continued on Attachment 1.g. | |

2. **Special damages**

| a. | X | Medical expenses *(to date)* | $ 5,000 |
|---|---|---|---|
| b. | X | Future medical expenses *(present value)* | $ Unknown |
| c. | X | Loss of earnings *(to date)* | $ Unknown |
| d. | X | Loss of future earning capacity *(present value)*. | $ Unknown |
| e. | | Property damage | $ |
| f. | | Funeral expenses *(wrongful death actions only)* | $ |
| g. | | Future contributions *(present value) (wrongful death actions only)* | $ |
| h. | | Value of personal service, advice, or training *(wrongful death actions only)* | $ |
| i. | | Other *(specify)* | $ |
| j. | | Other *(specify)* | $ |
| k. | | Continued on Attachment 2.k. | |

3. ___ **Punitive damages:** Plaintiff reserves the right to seek punitive damages in the amount of *(specify)*. $ _____ when pursuing a judgment in the suit filed against you.

Date: March 11, 2008

AMANDA UHRHAMMER (199445)
_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF PLAINTIFF OR ATTORNEY FOR PLAINTIFF)

(Proof of service on reverse)

Page 1 of 2

STATEMENT OF DAMAGES
(Personal Injury or Wrongful Death)

Legal
Solutions
Plus

Code of Civil Procedure, §§ 425.11, 425.115

<u>Superior Court of California, County of Contra Costa</u>

# NOTICE TO PLAINTIFFS
In <u>Unlimited Jurisdiction</u> Civil Actions

## <u>AFTER YOU FILE YOUR COURT CASE:</u>

1. **Have the forms the clerk gives you served on <u>all</u> defendants in this case:**
   a.  The Complaint
   b.  The Summons
   c.  The Notice of Case Management Conference (shows hearing date and time)
   d   The Notice to Defendants  (Local Court Form CV-655d)
   e.  <u>Blank</u>: Case Management Statement (Judicial Council Form CM-110)
   f.  <u>Blank</u>: Stipulation and Order to Attend ADR and Delay First Case Management Conference 90 Days  (Local Court Form CV-655b)
   g.  Alternative Dispute Resolution (ADR) Information (Local Court Form CV-655c)

2. Within 60 days of the date you filed the complaint **you must prove that the forms have been served on (delivered to) the defendants correctly** by filing the ***Proof of Service*** form (POS-010) (completed by the person who did the service) with the court.

3. **Go to the case management conference on the date indicated on** <u>The Notice of Case Management Conference.</u>

4. **Consider using mediation, arbitration, or neutral case evaluation (ADR) to resolve the dispute.** All parties must answer questions about ADR on the *Case Management Statement* form. For more information, see the enclosed ADR information, visit *www.cc-courts.org/adr* , or call (925) 957-5787.

5. **You may delay the first case management conference while you try to resolve the dispute in ADR.** If all parties agree to use ADR, complete and file the <u>Stipulation and Order to Attend ADR and Continue First Case Management Conference 90 Days</u> form to tell the court you want to use this option.

All civil actions *(except juvenile, probate, family, unlawful detainer, extraordinary writ, and asset forfeiture[1])* and personal injury cases where a party is claiming damages[2] must meet the Civil Trial Delay Reduction time limits for filing documents and moving their cases forward. These time limits are listed in California Rule of Court 3.110 and Local Court Rule 5. If parties miss these deadlines, a judge might issue an order (*Order to Show Cause*) for them to explain in court why they should not have to pay a fine or have their case dismissed.

### VIEW LOCAL COURT RULES AT: (WWW.CC-COURTS.ORG/RULES)

---

[1] *Health and Safety Code §11470 et seq.*
[2] *Including claims for emotional distress and/or wrongful death.*

CV-655a/Rev. 07/25/2007

**Superior Court of California, County of Contra Costa**

# NOTICE TO DEFENDANTS

In <u>Unlimited Jurisdiction</u> Civil Actions

<u>YOU ARE BEING SUED</u>.  The packet you have been served should contain:

    a.    The Summons

    b.    The Complaint

    c.    The Notice of Case Management (shows hearing date and time)

    d.    <u>Blank</u>: Case Management Statement (Judicial Council Form CM-110)

    e.    <u>Blank</u>: Stipulation and Order to Attend ADR and Delay First Case Management Conference 90 Days (Local Court Form CV-655b)

    f.    Alternative Dispute Resolution (ADR) Information  (Local Court Form CV-655c)

---

 **WHAT DO I DO NOW?** 

<u>You must:</u>

1. **Prepare your response**    YOU COULD LOSE YOUR CASE—even before it is heard by a judge or before you can defend yourself, if you do not prepare and file a response on time. See the other side of this page for types of responses you can prepare.

2. **Complete the *Case Management Statement*** *(CM-110)*

3. **File and serve your court papers on time**    Once your court forms are complete, you <u>must</u> file 1 original and 2 copies of the forms at court. An adult who is NOT involved in your case must serve one set of forms on the Plaintiff. If you were served in person you must file your response in 30 days. If the server left a copy of the papers with an adult living at your home or an adult in charge at your work or you received a copy by mail you must file your response in 40 days.

4. **Prove you served your court papers on time**    by having your server complete a *Proof of Service, (Judicial Council form POS-040)*, that <u>must</u> be filed at the court within <u>60</u> days.

5. **Go to court** on the date and time given in the *Notice of Case Management Conference*.

6. **Consider trying to settle your case before trial**    If you and the other party to the case can agree to use mediation, arbitration or neutral case evaluation, the *<u>Stipulation and Order to Attend ADR and Delay First Case Management Conference 90 Days</u>* can be filed with your other papers. For more information read the enclosed ADR information, visit www.cc-courts.org/adr, or call (925) 957-5787.

**IMPORTANT! The court recommends consulting an attorney for all or part of your case.  While you may represent yourself, lawsuits can be complicated, and the court cannot give you legal advice.**

---

<u>COURT FEES:</u>  You must pay court fees the first time you file your papers.  If you also file a motion, you must pay another fee.  If you cannot afford the fees, you may ask the court to waive (allow you not to pay) fees. Use Judicial Council forms FW-001-INFO [information sheet]; FW-001 [application]; and FW-003 [order].

<u>COURT FORMS:</u>  Buy forms at the Forms Window in the Family Law Building or download them for free at: www.courtinfo.ca.gov/forms/

## WHAT KIND OF RESPONSES CAN I FILE?

1. If you disagree with some or all of what the plaintiff says in the complaint because you believe, or know it is not true, you can file an <u>ANSWER</u>.

2. If you have a claim in the same case against the plaintiff, you may file a <u>CROSS-COMPLAINT</u>.

3. If you want to ask the court to do something on your behalf, you may file a <u>MOTION</u> (See TYPES OF MOTIONS below)

---

## HOW DO I PREPARE AN ANSWER?

There are two kinds of Answers you can use, depending on whether the Complaint was verified. You can tell if a Complaint is verified because it says "Verified Complaint" and/or has a signed oath on the last page.

**For complaints that are NOT verified:**

      Use Judicial Council form PLD-050 – General Denial

**For complaints that ARE verified:**

    a. For personal injury, property damage, and wrongful death claims, use Judicial Council PLD-PI-003 (do <u>not</u> check number 2).

    b. For contract claims, use Judicial Council PLD-C-010 (do <u>not</u> check number 3a).

    c. Be sure to deny <u>every</u> claim with which you disagree. For example, you might write: *"I believe, or know, that the information in paragraph #__ is untrue/incorrect."* Continue your list until you have addressed each paragraph in the Complaint.

**NOTE:** The Judicial Council Answer forms have spaces for your affirmative defenses. Be sure to include them or you may not be able to use them later. To find out what your affirmative defenses might be, go to the law library and ask the librarian to help you find the information you need.

**If you want to file a Cross-Complaint, you must do so at the same time you file the Answer.**

    a. For a personal injury, property damage, and/or wrongful death Cross-Complaint, use Judicial Council form PLD-PI-002.

    b. For a contract Cross-Complaint, use Judicial Council PLD-C-001.

---

## TYPES OF MOTIONS

Written motions are documents that ask the court to do something. You may have to file an *Answer* at the same time. At this point in the case, you can only make Motions from the following list:

1. <u>Demurrer</u> *(the facts stated in the complaint are wrong, or the deadline to file the lawsuit has passed);*
2. <u>Motion to Strike</u> *(the complaint is unclear; does not follow the law, "doesn't matter", etc.);*
3. <u>Motion to Transfer</u> *(the complaint is in the wrong court or there's a more appropriate court);*
4. <u>Motion to Quash Service of Summons</u> *(you were not legally served);*
5. <u>Motion to Stay</u> *(put the case on hold);* or
6. <u>Motion to Dismiss</u> *(stops the case).*

      **NOTE: Motions are very complicated and you may want to hire a lawyer to help you.**

---

## WHERE CAN I GET MORE HELP?

- **Lawyer Referral Service:** (925) 825-5700
- **Bay Area Legal Aid:** (800) 551-5554
- **Contra Costa County Law Library**    Martinez: (925) 646- 2783    Richmond: (510) 374-3019
- **Ask the Law Librarian:**    www.247ref.org/portal/access_law3.cfm

### SUPERIOR COURT OF THE STATE OF CALIFORNIA
### IN AND FOR THE COUNTY OF CONTRA COSTA

_____

_____
                    Plaintiff(s)
        vs.

_____

_____    ***Stipulation and Order*** to Attend ADR and Delay
                    Defendant(s)      ***First Case Management Conference 90 Days***

Case No.: _____  Date complaint filed: _____  First case management conference set for: _____

> ‣ ALL PARTIES MUST SIGN THIS FORM AND FILE THIS STIPULATION, WITH CASE MANAGEMENT STATEMENTS, AT LEAST 15 DAYS BEFORE THE FIRST CASE MANAGEMENT CONFERENCE
>
> ‣ PARTIES MUST ALSO SEND A COPY OF THE FORM WITH THE JUDGE'S SIGNATURE TO THE ADR OFFICE: FAX: (925) 957-5689 or MAIL: P.O. BOX 911, MARTINEZ, CA 94553
>
> ‣ THIS STIPULATION MAY NOT BE USED IN COMPLEX LITIGATION CASES

**Counsel and all parties certify they have met and conferred on the subjects set forth in Rule of Court 212(b), and have selected the following alternative dispute resolution (ADR) process: [check ☑one]:**

❑ Judicial mediation          ❑ Judicial arbitration          ❑ Neutral case evaluation

❑ Private mediation           ❑ Private arbitration

COUNSEL AND ALL PARTIES AGREE TO COMPLETE ADR WITHIN 90 DAYS, AND CERTIFY:

1. This is not a complex civil case (as described in California Rules of Court, Rule 3.400);
2. All parties have been served and intend to submit to the jurisdiction of the court;
3. All parties have agreed to a specific plan for sufficient discovery to make the ADR process meaningful;
4. Defendant(s)' first appearance fee has been paid or will be submitted with this Stipulation;
5. Copies of this Stipulation and self-addressed stamped envelopes are provided for returning file-stamped copies to counsel and the parties;
6. Case Management Conference Statements are submitted with this Stipulation;
7. All parties will attend ADR conferences as required by local court rule (Appendix C); and,
8. All parties know the court will not allow more than 90 days to complete ADR.

| | | | |
|---|---|---|---|
| _____ | _____ | _____ | _____ |
| Counsel for Plaintiff *(print)* | Fax | Counsel for Defendant *(print)* | Fax |
| _____ | | _____ | |
| Signature | | Signature | |
| _____ | _____ | _____ | _____ |
| Counsel for Plaintiff *(print)* | Fax | Counsel for Defendant *(print)* | Fax |
| _____ | | _____ | |
| Signature | | Signature | |

> Pursuant to the Stipulation of the parties, and subject to the *Case Management Order* to be filed, **IT IS SO ORDERED** that the Case Management Conference set for _____ is vacated and rescheduled for _____ at (8:30 a.m. / _____ ) **Plaintiff's counsel must notify all parties of the case management conference.**
>
> Dated: _____    _____
>                              ***Judge of the Superior Court***

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.:                    FAX NO. *(Optional):*  E-MAIL ADDRESS *(Optional):*  ATTORNEY FOR *(Name):* | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF
   STREET ADDRESS:
   MAILING ADDRESS:
   CITY AND ZIP CODE:
   BRANCH NAME:

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| **CASE MANAGEMENT STATEMENT** | CASE NUMBER: |
|---|---|
| **(Check one):** ☐ **UNLIMITED CASE** (Amount demanded exceeds $25,000)    ☐ **LIMITED CASE** (Amount demanded is $25,000 or less) | |

| A CASE MANAGEMENT CONFERENCE is scheduled as follows: |
|---|
| Date:                Time:                Dept.:            Div.:            Room: |
| Address of court *(if different from the address above):* |

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one):*
   a. ☐ This statement is submitted by party *(name):*
   b. ☐ This statement is submitted **jointly** by parties *(names):*


2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date):*
   b. ☐ The cross-complaint, if any, was filed on *(date):*

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐ All parties named in the complaint and cross-complaint have been served, or have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served *(specify names and explain why not):*

      (2) ☐ have been served but have not appeared and have not been dismissed *(specify names):*

      (3) ☐ have had a default entered against them *(specify names):*

   c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and the date by which they may be served):*


4. **Description of case**
   a.  Type of case in ☐ complaint    ☐ cross-complaint    *(describe, including causes of action):*

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. January 1, 2007]

**CASE MANAGEMENT STATEMENT**

Cal. Rules of Court,
rules 3.720–3.730
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

4.  b.  Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.  **Jury or nonjury trial**
The party or parties request ☐ a jury trial ☐ a nonjury trial *(if more than one party, provide the name of each party requesting a jury trial):*

6.  **Trial date**
a. ☐ The trial has been set for *(date):*
b. ☐ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

c. Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7.  **Estimated length of trial**
The party or parties estimate that the trial will take *(check one):*
a. ☐ days *(specify number):*
b. ☐ hours (short causes) *(specify):*

8.  **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial ☐ by the attorney or party listed in the caption ☐ by the following:
a. Attorney:
b. Firm:
c. Address:
d. Telephone number:
e. Fax number:
f. E-mail address:
g. Party represented:
☐ Additional representation is described in Attachment 8.

9.  **Preference**
☐ This case is entitled to preference *(specify code section):*

10. **Alternative Dispute Resolution (ADR)**
a. Counsel ☐ has ☐ has not provided the ADR information package identified in rule 3.221 to the client and has reviewed ADR options with the client.
b. ☐ All parties have agreed to a form of ADR. ADR will be completed by *(date):*
c. ☐ The case has gone to an ADR process *(indicate status):*

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER |
|---|---|
| DEFENDANT/RESPONDENT: | |

10. d.   The party or parties are willing to participate in *(check all that apply)*:
   (1) ☐ Mediation
   (2) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to close 15 days before arbitration under Cal. Rules of Court, rule 3.822)
   (3) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to remain open until 30 days before trial; order required under Cal. Rules of Court, rule 3.822)
   (4) ☐ Binding judicial arbitration
   (5) ☐ Binding private arbitration
   (6) ☐ Neutral case evaluation
   (7) ☐ Other *(specify)*:

   e.   ☐ This matter is subject to mandatory judicial arbitration because the amount in controversy does not exceed the statutory limit.

   f.   ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

   g.   ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court *(specify exemption)*:

**11. Settlement conference**
   ☐ The party or parties are willing to participate in an early settlement conference *(specify when)*:

**12. Insurance**
   a.   ☐ Insurance carrier, if any, for party filing this statement *(name)*:
   b.   Reservation of rights:   ☐ Yes   ☐ No
   c.   ☐ Coverage issues will significantly affect resolution of this case *(explain)*:

**13. Jurisdiction**
   Indicate any matters that may affect the court's jurisdiction or processing of this case, and describe the status.
   ☐ Bankruptcy   ☐ Other *(specify)*:
   Status:

**14. Related cases, consolidation, and coordination**
   a.   ☐ There are companion, underlying, or related cases.
      (1) Name of case:
      (2) Name of court:
      (3) Case number:
      (4) Status:
      ☐ Additional cases are described in Attachment 14a.
   b.   ☐ A motion to   ☐ consolidate   ☐ coordinate   will be filed by *(name party)*:

**15. Bifurcation**
   ☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons)*:

**16. Other motions**
   ☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues)*:

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

17. **Discovery**

   a. ☐ The party or parties have completed all discovery.

   b. ☐ The following discovery will be completed by the date specified *(describe all anticipated discovery)*:

   <u>Party</u>                    <u>Description</u>                            <u>Date</u>

   c. ☐ The following discovery issues are anticipated *(specify)*:

18. **Economic Litigation**

   a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90 through 98 will apply to this case.

   b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case)*:

19. **Other issues**

   ☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify)*:

20. **Meet and confer**

   a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain)*:

   b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify)*:

21. **Case management orders**

   Previous case management orders in this case are *(check one)*: ☐ none ☐ attached as Attachment 21.

22. Total number of pages attached *(if any)*: _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and ADR, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:

_____          ► _____
(TYPE OR PRINT NAME)                              (SIGNATURE OF PARTY OR ATTORNEY)

_____          ► _____
(TYPE OR PRINT NAME)                              (SIGNATURE OF PARTY OR ATTORNEY)

                                              ☐ Additional signatures are attached



## CONTRA COSTA COUNTY SUPERIOR COURT
## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION

All judges in the Civil Trial Delay Reduction Program agree that parties should consider using Alternative Dispute Resolution (ADR) to settle their cases. To tell the court you will use ADR:

- Choose ADR on the *Case Management Form (*CM-110);
- File a *Stipulation and Order to Attend ADR and Continue First Case Management Conference 90-Days* (local court form); or
- Agree to ADR at your first court appearance.

*Questions? Call (925) 957-5787, or go to www.cc-courts.org/adr*

## MEDIATION

Mediation is often faster and less expensive than going to trial. Mediators help people who have a dispute talk about ways they can settle their case. Parties call or visit the ADR Programs office to get a list of mediators. After parties have agreed on a mediator, they must write a summary (5 pages or less) explaining the facts, legal arguments, and legal authority for their position. They must send this summary to the other parties and the mediator at least 5 court days before mediation starts.

ALL parties and attorneys must go to mediation. Mediation can be held whenever and wherever the parties and the mediator want, as long as they finish before the court deadline. In some kinds of court cases, parties have the chance to mediate in the courthouse on their trial day.

Most mediators begin by talking with the parties together, helping them focus on the important issues. The mediator may also meet with each party alone. Mediators often ask parties for their ideas about how to settle the case. Some mediators tell the parties how much money they think a case is worth, or tell them what they think might happen if the case went to trial. Other mediators help the parties decide these things for themselves. No matter what approach a mediator takes, decisions about settling a case can only be made when all the parties agree.

If the parties go through the court ADR program, mediators do not charge fees for the first half hour spent scheduling or preparing for mediation. They also do not charge fees for the first two hours of mediation. If parties need more time, they must pay that person's regular fees. Some mediators ask for a deposit before mediation starts. Mediators who do this must give back whatever is left after counting the time he or she spent preparing for or doing the mediation. A party whose court fees have been waived (cancelled) may ask if their mediation fees or deposit can be waived.

If parties agree about how they will settle their case, they can choose to keep it private, write it up as a contract, or ask the judge to make it a court order. What parties say and agree to in mediation is confidential (private).

## PRIVATE MEDIATION

Private mediation works in the same way as judicial mediation, but the parties do not go through the ADR Programs office. Parties choose a mediator on their own, and pay the mediator's normal fees.

## JUDICIAL ARBITRATION (non-binding)

In judicial arbitration, an independent attorney (arbitrator) looks at the evidence, listens to the parties and their witnesses, and decides how the case will be settled. Judicial arbitration is less formal than court. Parties call or visit the ADR Programs office to get a list of arbitrators. If they cannot agree on an arbitrator, the court will assign one. The judge can send cases to arbitration if there is less than $50,000 in dispute. The person who started the court case can make sure the case goes to arbitration if they agree to limit the amount they are asking for to $50,000. Parties can also agree they want to use judicial arbitration. The arbitrator must send their decision (award) to the court within 10 days of the last hearing. The award becomes a court judgment unless a party asks the court to review the case within 30 days. Parties must use the ADR 102 form to ask for a new court hearing (called a trial de novo.) Judicial arbitrators charge $150 per case or per day.

## PRIVATE ARBITRATION (non-binding and binding)

Private, non-binding arbitration is the same as judicial arbitration, except that the parties do not go through the ADR Programs office to choose an arbitrator, and the arbitrator's award will not become a judgment of the court unless all parties agree. Parties must pay the arbitrator's normal fees.

Binding arbitration is different from judicial or private non-binding arbitration because the arbitrator's decision is final. Parties give up their right to have a judge review their case later (except for reasons listed in California Code of Civil Procedure, Section 1286.2.) Binding arbitration rules are listed in California Code of Civil Procedure, Sections 1280-1288.8. Parties may also agree any time before the judge has made a decision that ends the case to switch to binding arbitration. Parties choose the arbitrator on their own, and must pay the arbitrator's normal (not $150) fees.

## SETTLEMENT MENTOR CONFERENCE

Settlement mentors are independent, experienced trial attorneys that a judge has assigned to help parties look for ways to settle their case. The conference is free and is held in the courthouse. It is often held on the morning of trial, but it can be scheduled anytime. These conferences usually last two or three hours. Parties do not present evidence and do not call witnesses. Parties can ask the settlement mentor to keep some information confidential (private) from the other party, but not from the judge. The settlement mentor can share any information with the judge, or involve the judge in settlement discussions. All principals, clients, and claims representatives must attend the settlement mentor conference.

## NEUTRAL CASE EVALUATION

In neutral case evaluation, an independent attorney (evaluator) reviews documents and listens to each party's side of the case. The evaluator then tells the parties what they think could happen if the case went to trial. Many people use the evaluator's opinion to reach an agreement on their own, or use this information later in mediation or arbitration to settle their case.

Parties call or visit the ADR Programs office to get a list of evaluators. After parties have agreed on an evaluator, they must write a summary (5 pages or less) explaining the facts, legal arguments, and legal authority for their position. They must send this summary to the other parties and the evaluator at least 5 court days before evaluation starts. ALL parties and their attorneys must go to neutral case evaluation. The evaluation can be held whenever and wherever the parties and the evaluator want, as long as they finish before the court deadline. If the parties go through the court's ADR program, evaluators do not charge any fees for the first half hour spent scheduling or preparing for the evaluation conference. They also do not charge fees for the first two hours of the evaluation. If parties need more time, they must pay that person's regular fees. Some evaluators ask for a deposit before evaluation starts. Evaluators who do this must give back whatever is left after counting the time he or she spent preparing for or doing the evaluation. A party whose court fees have been waived (cancelled) may ask if their evaluation fees or deposit can be waived.

## TEMPORARY JUDGE

Some parties want a trial, but want to choose who will decide the case and when the trial will take place. Parties can agree on an attorney that they want the court to appoint as a temporary judge for their case. (See Article 6, Section 21 of the State Constitution and Rule 2.830 of the California Rules of Court.) Temporary judges have nearly the same authority as a superior court judge to conduct a trial and make decisions. As long as the parties meet the court deadline, they can schedule the trial at their own and the temporary judge's convenience.

Each of the temporary judges on the court's panel has agreed to serve at no charge for up to 5 court days. If the parties need more time, they must pay that person's regular fees. All parties and their lawyers must attend the trial, and provide a copy of all briefs or other court documents to the temporary judge at least two weeks before the trial. These trials are similar to other civil trials, but are usually held outside the court. The temporary judge's decision can be appealed to the superior court. There is no option for a jury trial. The parties must provide their own court reporter.

## SPECIAL MASTER

A special master is a private lawyer, retired judge, or other expert appointed by the court to help make day-to-day decisions in a court case. The special master's role can vary, but often includes making decisions that help the discovery (information exchange) process go more smoothly. He or she can make decisions about the facts in the case. Special masters can be especially helpful in complex cases. The trial judge defines what the special master can and cannot do in a court order.

Special masters often issue both interim recommendations and a final report to the parties and the court. If a party objects to what the special master decides or reports to the court, that party can ask the judge to review the matter. In general, the parties choose (by stipulation) whom they want the court to appoint as the special master, but there are times (see California Code of Civil Procedure Section 639), when the court may appoint a special master or referee without the parties' agreement. The parties are responsible to pay the special master's regular fees.

## COMMUNITY MEDIATION SERVICES

Mediation Services are available through non-profit community organizations. These low-cost services are provided by trained volunteer mediators. For more information about these programs contact the ADR Program at (925) 957-5787

# EXHIBIT B

Steven R. Blackburn, State Bar No. 154797
Rachel S. Hulst, , State Bar No. 197330
EPSTEIN BECKER & GREEN, P.C.
One California Street, 26th Floor
San Francisco, California 94111-5427
Telephone: 415.398.3500
Facsimile: 415.398.0955
sblackburn@ebglaw.com
mgoodin@ebglaw.com

Attorneys for Defendant
C&H Sugar Company, Inc.
and Kyle Stradleigh

FILED

2008 APR 17  P 1: 57

K. TORRE  CLERK  CONTRA COSTA SUPERIOR COURT
CONTRA COSTA, CALIF.

T. Wanner, Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF CONTRA COSTA

| | |
|---|---|
| JOAQUIN LEAL,<br><br>  Plaintiff,<br><br>  v.<br><br>C & H SUGAR COMPANY, INC.;<br>KYLE STRADLEIGH (in his individual and<br>professional capacities); and<br>DOES 1 through 100 Inclusive,<br><br>  Defendants. | CASE NO. C08-00413<br><br>**DEFENDANTS' ANSWER TO<br>PLAINTIFF'S COMPLAINT**<br><br>Date Complaint filed: February 20, 2008<br>Trial Date: None Set<br><br>BY FAX |

Defendant C&H Sugar Company, Inc. ("C&H"), and Kyle Stradleigh ("Stradleigh,"

collectively "Defendants") hereby respond to Plaintiff Joaquin Leal's ("Plaintiff") Complaint for

Damages on file herein, as follows:

### GENERAL DENIAL

Pursuant to section 431.30(d) of the California Code of Civil Procedure, Defendants

generally and specifically deny each and every allegation contained in Plaintiff's Complaint.

C&H further generally and specifically denies that Plaintiff has been damaged in any sum or

amount whatsoever.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Cause of Action)

1.     As a first affirmative defense, Defendants aver that the Complaint fails to state facts sufficient to constitute a cause of action.

## SECOND AFFIRMATIVE DEFENSE

### (LMRA Section 301 Federal Preemption)

2.     As a second affirmative defense, Defendants aver that Plaintiff's claims are pre-empted in whole or in part by Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185.

## THIRD AFFIRMATIVE DEFENSE

### (At-Will Employment)

3.     As a third affirmative defense, Defendants aver that Plaintiff's Seventh Cause of Action for breach of contract is barred in whole or in part, because Plaintiff's employment was terminable at-will.

## FOURTH AFFIRMATIVE DEFENSE

### (Avoidable Consequences)

4.     As a fourth affirmative defense, Defendants aver that Defendant C&H had published adequate policies to prevent unlawful discrimination within the workplace. C&H's policies included internal complaint mechanisms which would lead to prompt, effective remedial action in the event of a complaint of discrimination or harassment. Plaintiff was aware of these policies. Nonetheless, Plaintiff failed or refused to utilize said complaint procedures, and thus allegedly suffered from harm that could have been avoided through reasonable effort or expenditure.

- 2 -

**FIFTH AFFIRMATIVE DEFENSE**

(Failure to Exhaust Collective Bargaining Agreement Procedures)

5.      As a fifth affirmative defense, Plaintiff's claims are barred, in whole or in part, to the extent that he has failed to follow the proper procedures and exhaust remedies required under the applicable Collective Bargaining Agreement.

**SIXTH AFFIRMATIVE DEFENSE**

(Exclusivity of Workers' Compensation Act Remedy)

6.      As a sixth affirmative defense, Defendants aver that Plaintiff's Sixth Cause of Action is barred, in whole or in part, by the Workers' Compensation Act, which provides Plaintiff's exclusive remedy for this claim.

**SEVENTH AFFIRMATIVE DEFENSE**

(Estoppel)

7.      As a seventh affirmative defense, Defendants aver that by reason of his own conduct, actions or inaction, Plaintiff is estopped from asserting the claims set forth in his Complaint and therefore is barred, in whole or in part, from the relief sought therein.

**EIGHTH AFFIRMATIVE DEFENSE**

(Failure to Mitigate)

8.      As an eighth affirmative defense, Defendants aver that Plaintiff's claim for damages is barred, in whole or in part, because, based on information and belief, Plaintiff has failed to exercise due diligence in an effort to mitigate his damages.

**NINTH AFFIRMATIVE DEFENSE**

(Lack of Mutuality)

9.      As a ninth affirmative defense, Defendants aver that Plaintiff's Seventh Cause of Action is barred because any alleged express contract is void due to lack of mutuality.

- 3 -

Defendants' Answer to Plaintiff's Complaint
Case No. C08-00413

**TENTH AFFIRMATIVE DEFENSE**

(Waiver)

10.    As a tenth affirmative defense, Defendants aver that Plaintiff has waived any right to assert the claims in the Complaint and is barred, in whole or in part, from any relief sought therein by virtue of his own conduct, actions or inaction.

**ELEVENTH AFFIRMATIVE DEFENSE**

(After-Acquired Evidence)

11.    As an eleventh affirmative defense, Defendants aver that, upon information and belief, Plaintiff has engaged in wrongful conduct during the process of applying for employment within C&H and that conduct provides independent grounds for Plaintiff not receiving an offer of employment; as a result, Plaintiff's claim for damages should be reduced or eliminated accordingly.

**TWELFTH AFFIRMATIVE DEFENSE**

(Good Faith)

12.    As a twelfth affirmative defense, Defendants aver that any and all conduct about which Plaintiff complains and which is attributed to Defendants was undertaken for fair and honest reasons and was regulated by good faith under circumstances existing at all times mentioned in the Complaint and Defendants did not knowingly or intentionally violate any laws.

**THIRTEENTH AFFIRMATIVE DEFENSE**

(Fraud, Malice or Oppression)

13.    As a thirteenth affirmative defense, Defendants aver that any acts or omissions to act by C&H were not the result of fraud, malice or oppression, as such terms are defined by  . California Civil Code § 3294.

**FOURTEENTH AFFIRMATIVE DEFENSE**

(Lack of Consideration)

14.    As a fourteenth affirmative defense, Defendants aver that Plaintiff's Seventh Cause of Action for breach of contract is barred because any alleged contract is void due to lack of consideration.

- 4 -

### FIFTEENTH AFFIRMATIVE DEFENSE

(Implied Contract Cannot Defeat Rights Expressly Provided)

15.    As a fifteenth affirmative defense, Defendants aver that Plaintiff's Seventh Cause of Action for breach of contract is barred because any alleged implied contract that existed cannot vary the express terms of the Collective Bargaining Agreement which controlled the terms of Plaintiff's employment.

### SIXTEENTH AFFIRMATIVE DEFENSE

(Failure to Exhaust Administrative Remedies)

16.    As a sixteenth affirmative defense, Plaintiff's claims are barred, in whole or in part, to the extent that he has failed to exhaust the administrative remedies for any such claims.

### SEVENTEENTH AFFIRMATIVE DEFENSE

(Statute of Limitations)

17.    As a seventeenth affirmative defense, Defendants aver that Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations, including but not limited to California Code of Civil Procedure §§337, 339, and 340; California Government Code §§ 12960 and 12965.

### EIGHTEENTH AFFIRMATIVE DEFENSE

(No Individual Liability)

18.    As an eighteenth affirmative defense, Defendants aver that Plaintiff's claims are barred as to Defendant Stradleigh because he is not amenable to such claims as an individual.

### NINETEENTH AFFIRMATIVE DEFENSE

(Additional Defenses)

19.    Defendants hereby give notice that they intend to rely upon any other defense that may become available or appear during the discovery proceedings in this case, and hereby reserve the right to amend its answer to assert any such defenses.

WHEREFORE, Defendants pray that:

1.    Plaintiff takes nothing by this action;

- 5 -

1   2.  Judgment be entered in favor of Defendants and against Plaintiff on all causes of

2 action;

3   3.  Defendants be awarded its costs of suit and attorneys' fees herein; and,

4   4.  For such other and further relief as the Court deems proper.

5 DATED: April 17, 2008     EPSTEIN BECKER & GREEN, P.C.

6

7             By:

8               Steven R. Blackburn
               Rachel S. Hulst

9             Attorneys for Defendant
             C & H SUGAR COMPANY, INC. and

10            KYLE STRADLEIGH

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 6 -

1

**PROOF OF SERVICE**

2

STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

3

1.    At the time of service I was at least 18 years of age and **not a party to this legal action**.

4

2.    My business address is One California Street, 26th Floor, San Francisco, California 94111-5427.

5

6

3.    I served copies of the following documents (specify the exact title of each document served):

7

**DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT**

8

4.    I served the documents listed above in item 3 on the following persons at the addresses listed:

9

10

11

Amanda Uhrahammer                          *Attorneys for Plaintiff*
Mastagni, Holstedt, Amick, Miller,
Johnsen & Uhrhammer                        Tel.    (916) 446-4692
1921 "I" Street                            Fax    (916) 447-4614
Sacramento, CA 95814

12

13

5.    ☒    **By United States mail**. I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses in item 4 and *(specify one):*

14

(1)  ☐    deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid on the date shown below, or

15

16

17

18

(2)  ☒    placed the envelope for collection and mailing on the date shown below, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

19

I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at San Francisco, California.

20

6.    I served the documents by the means described in item 5 on *(date):* April 17, 2008

21

22

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

23

4/17/08 _____        _____Virginia Li_____        _____
DATE                        (TYPE OR PRINT NAME)                (SIGNATURE OF DECLARANT)

24

25

26

27

28

- 7 -

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

1.   At the time of service I was at least 18 years of age and **not a party to this legal action**.

2.   My business address is One California Street, 26th Floor, San Francisco, California 94111-5427.

3.   I served copies of the following documents (specify the exact title of each document served):

**NOTICE OF REMOVAL – FEDERAL QUESTION**

4.   I served the documents listed above in item 3 on the following persons at the addresses listed:

| | |
|---|---|
| Amanda Uhrhammer | *Attorneys for Plaintiff* |
| Mastagni, Holstedt, Amick, Miller, Johnsen & Uhrhammer | |
| 1912 "I" Street | Tel.    (916) 446-4692 |
| Sacramento, CA 95814 | Fax    (916) 447-4614 |

5.   ☒   **By United States mail**. I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses in item 4 and *(specify one):*

(1) ☐   deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid on the date shown below, or

(2) ☒   placed the envelope for collection and mailing on the date shown below, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at San Francisco, California.

6.   I served the documents by the means described in item 5 on *(date):* April 18, 2008

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

| 4/18/08 | Virginia Li | |
|---|---|---|
| DATE | (TYPE OR PRINT NAME) | (SIGNATURE OF DECLARANT) |

- 4 -

Notice Of Removal – Federal Question
Case No.