Amanda Uhrhammer, Esq., State Bar No. 199445
MASTAGNI, HOLSTEDT, AMICK,
MILLER, JOHNSEN & UHRHAMMER, P.C.
1921 I Street
Sacramento, CA 95811
Tel: (916) 446-4692
Fax: (916)447-4614

Attorneys for Plaintiff,
JOAQUIN LEAL

Steven R. Blackburn, Esq., State Bar No. 154797
Matthew A. Goodin, Esq., State Bar No. 169674
Andrew J. Sommer, Esq., State Bar No. 192844
EPSTEIN BECKER & GREEN, P.C.
One California Street, 26th Floor
San Francisco, California 94111-5427
Telephone:     415.398.3500
Facsimile:     415.398.0955
E-mail:        asommer@ebglaw.com

Attorneys for Defendants,
C&H SUGAR COMPANY, INC.
and KYLE STRADLEIGH

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOAQUIN LEAL,<br><br>                    Plaintiff,<br><br>          v.<br><br>C & H SUGAR COMPANY, INC.;<br>KYLE STRADLEIGH (in his individual and<br>professional capacities); and<br>DOES 1 through 100 Inclusive,<br><br>                    Defendants. | CASE NO.  08-2030 JSW<br><br>**E-Filing**<br><br>**JOINT CASE MANAGEMENT<br>STATEMENT AND PROPOSED ORDER**<br><br>Date:          September 5, 2008<br>Time:          1:30 p.m.<br>Courtroom 2, 17th Floor |

Pursuant to the Court's Order Setting the Initial Case Management Conference and ADR

Deadlines, the Standing Order for All Judges of the Northern District of California, this Court's

Local Rules, and the Federal Rules of Civil Procedures, Plaintiff Joaquin Leal and Defendants

C&H Sugar Company, Inc. and Kyle Stradleigh jointly submit this case management statement

and proposed order and request the Court to adopt it as its case management order in this case.

**1.    Jurisdiction and Service**

The Court has subject matter jurisdiction based upon federal question, pursuant to 28 U.S.C. §1331, as the Complaint asserts a claim for violation of the federal Family Medical Leave Act.  On that basis, this case was removed from state court on April 18, 2008.  Venue is proper in the United States District Court for the Northern District of California, pursuant to 28 U.S.C. §§1391(b) and 1441(b).

All parties to the litigation have been served and there are no additional parties to be joined.

**2.    Facts**

**(a)**    Plaintiff's description of the events of this action:

Plaintiff was employed with Defendant C&H Sugar Company, Inc. (hereinafter C&H).  Plaintiff commenced employment with Defendant C&H in approximately June 2001 as a first-class journeyman.   In approximately September of 2006, Plaintiff's physician, Dr. Westbrook diagnosed Plaintiff as suffering from depression and stress and directed Plaintiff to remain off of work completely through October 16, 2006.  Dr. Westbrook also found that the source of Plaintiff's depression was work-related.  Plaintiff, per Defendant C&H's policy, timely provided Defendant C&H  with the necessary medical paperwork.

Plaintiff was eventually contacted by a Defendant C&H medical department employee who informed Plaintiff that he was required to meet with Defendant C&H's own physician on or about October 6, 2006.  On October 6, 2006, Plaintiff met with Defendant C&H's physician who directed Plaintiff to return in about ten (10) days without instructing Plaintiff to return to work.

On or about October 12, 2006, Plaintiff again met with his psychologist, Dr. Westbrook who confirmed his initial diagnosis of depression and directed Plaintiff to remain off work up through October 31, 2006.  Again, Dr. Westbrook found Plaintiff's depression to be job-related.  Per Defendant C&H's directive, Plaintiff again met with Defendant C&H's physician on October 17, 2006 who again told Plaintiff to return home and, at no time during the October 17, 2006 appointment, did Defendant C&H's physician direct Plaintiff that he was to return to work.  On

or about October 26, 2006 Dr. Westbrook directed Plaintiff to remain off work up through November 6, 2006.

Plaintiff continued to meet with his own physician and the company physician until approximately November of 2006 when he was released to return to work. Plaintiff then received a letter stating that Defendant C&H, or its employees and/or agents, would call Plaintiff to inform him of his return date. Not having received any communication from his employer, Plaintiff contacted his union representative. Ultimately, Plaintiff was instructed to obtain a letter from his physician indicating that, in spite of his opinion to the contrary, his time off of work was not work related.

Shortly thereafter, Plaintiff provided his employer with a letter from his physician stating that Plaintiff was taken off of work for treatment of depression and stress. That letter also stated that work stress factored in to Plaintiff's condition. The letter unequivocally stated that Plaintiff was able to return to work. Plaintiff was informed that the letter was not considered by the employer to be sufficient. Plaintiff then provided Defendant C&H with a second letter from Dr. Westbrook. Dr. Westbrook again indicated that Plaintiff was being treated for a depressive disorder and some personal stressors. The letter repeated that Plaintiff was fit to return to work. The second letter again failed to satisfy Defendants C&H without explanation and refused to put Plaintiff back to work. On or about January 22, 2007, Plaintiff was mailed a document entitled "Benefits and Termination of Employment" which stated that the following was a review of Plaintiff's benefits as a result of Plaintiff's termination of employment on January 1, 2007.

Plaintiff suffers from a serious health condition and disability which affects one or more major life activities. He is qualified to perform the essential and material duties of his position as a Lead Man Specialist for Defendant C&H, with or without reasonable accommodation.

Plaintiff further was eligible for benefits under the Family Medical Leave Act as he worked for a covered employer (C&H), worked for a total of at least 12 months with C&H, worked at least 1,250 hours for C&H over the previous 12 months, and worked at a location where at least 50 employees are regularly employed by C&H. Plaintiff's termination was actionable.

1      **(b)**     Defendant's description of the events of this action:

2      This case arises out of Plaintiff's employment with C&H at its sugar refining plant in

3 Crockett.  Plaintiff was absent from work for reported "depression" and related conditions

4 beginning in September 14, 2006 and continuing through his termination on January 18, 2007.

5 Plaintiff submitted disability reports from his primary physician but, despite C&H's requests, he

6 failed to submit the required Work Capabilities forms for the period when he was off work.

7 C&H policy provides that employees who are absent for four or more days must obtain a

8 physician's certification (C&H Disability Report) certifying whether they were disabled and

9 unable to work, and a Work Capabilities form identifying the nature of the employees' work

10 restrictions.  These forms are used to evaluate whether employees are eligible for paid leave

11 under C&H's wage indemnity program.  Under this program, employees who are unable to work

12 full time due to a disability receive 100% of their regular wages for the first three work days of

13 the disability and 80% of their wages thereafter up to maximum of one year.  Because Plaintiff

14 did not submit the required forms identifying his work capabilities during the period when he

15 was off work, his absence was considered unexcused and he was terminated for job

16 abandonment.  Dr. Westbrook's opinion as to whether Plaintiff was ultimately fit to return to

17 work had no bearing on C&H's decision to terminate Plaintiff's employment.

18      Plaintiff was off work for more than the 12 workweeks available to eligible employees

19 under the Family Medical Leave Act ("FMLA") and California Family Rights Act ("CFRA").

20 Defendants deny that Plaintiff was terminated for taking FMLA- or CFRA-qualifying leave or

21 because of his alleged medical issues.

22      **(c)**     **The principal factual issues which the parties dispute:**

23           (1)     Whether Plaintiff was disabled;

24           (2)     Whether C&H terminated Plaintiff's employment because of his alleged

25                 disability;

26           (3)     Whether C&H and Stradleigh harassed Plaintiff because of his alleged

27                 disability;

28

- 4 -

(4) Whether C&H and Stradleigh retaliated against Plaintiff for complaining of a hostile work environment and discrimination;

(5) Whether Plaintiff suffered emotional and physical distress as a result of Defendants' alleged conduct;

(6) The scope, nature and extent of Plaintiff's economic and other damages resulting from the termination of his employment.

**3.    The principal legal issues which the parties dispute:**

**(a)    Whether C&H discriminated against Plaintiff because of his alleged disability in violation of the Fair Employment and Housing Act, Cal. Gov't. Code section 12900, *et seq.* (FEHA).** To state a *prima facie* case of disability discrimination, the plaintiff must prove that: (1) he suffers from a disability as defined under the FEHA; (2) he is otherwise qualified to do his job; and, (3) he was subjected to an adverse employment action because of his disability. (*Arteaga v. Brinks, Inc.*, 163 Cal.App.4th 327, 344-345 (2008)) Once a plaintiff establishes a *prima facie* case, the burden shifts to the defendant to articulate a legitimate reason for the actions it took. If the defendants offer such a reason, the plaintiff must then establish that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination. (*Arteaga*, *supra*, 163 Cal.App.4th at 343, quoting *Frank v. County of Los Angeles,* 149 Cal.App.4th 805, 822-824 (2007))

**(b)    Whether C&H and Stradleigh harassed Plaintiff because of his alleged disability in violation of the FEHA.** To make out a claim for disability harassment, the events alleged must be related to the plaintiff's disability and so severe and pervasive that they alter the conditions of plaintiff's work environment. (*Fisher v. San Pedro Peninsula Hospital* (1989) 214 Cal.App.3d 590, 610 (1989))

**(c)    Whether C&H and Stradleigh retaliated against Plaintiff because of his alleged disability in violation of the FEHA.** To prevail on this claim, plaintiff

- 5 -

must prove: (1) he engaged in a protected activity; (2) defendant subjected plaintiff to an adverse employment action; and (3) a causal link exists between the protected activity and the adverse employment action. (*Akers v. County of San Diego,* 95 Cal.App.4th 1441 (2002))  If the plaintiff establishes a *prima facie* case of retaliation, the burden shifts to the defendant to articulate a legitimate, non-retaliation explanation for its actions.  If the defendant does so, the burden then shifts to the plaintiff to prove that the proffered explanation is pretext for unlawful retaliation. (*California Fair Employment and Housing Commission v. Gemini Aluminum Corporation,* 122 Cal.App.4th 1004 (2004); *Flait v. North American Watch Corp.,* 3 Cal.App.4th 467 (1992))

**(d)**     **Whether C&H and Stradleigh violated the Family Medical Leave Act, 29 U.S.C. § 2601, et seq. (FMLA) or California Family Rights Act, Cal. Gov't. § 12945.2 (CFRA).**  Both the FMLA and CFRA provide leaves of absence for eligible employees with "serious health conditions." (29 U.S.C. § 2612(a)(1); Cal. Gov't Code § 12945.2(a))  Regardless of whether the employer designates the leave as FMLA-qualifying, the maximum amount of leave allowed under these statutes is 12 workweeks in a 12-month period.  See *Ragsdale v. Wolverine World Wide, Inc.* (2002) 535 US 81, 87 (invalidating the Department of Labor regulations providing that if an employer does not designate the leave as FMLA leave, the employee's absence may not be subtracted from the 12-workweek leave bank).

**(e)**     **Whether individual defendant Stradleigh may be personally liable for FEHA retaliation.**  See *Jones v. The Lodge at Torrey Pines Partnership et. al.,* 42 Cal.4th 1158 (2008)(California Supreme Court holding that no individual liability exists for a retaliation claim brought under the Fair Employment and Housing Act);

**(f)** **Whether an officer, director or managing agent of C&H acted with malice, oppression or fraud toward Plaintiff, entitling him to an award of punitive damages.** (Cal. Civil Code § 3294(a))

**4.** **Motions**

There are no pending motions in this case.  However, Defendants anticipate filing a motion for summary judgment.

**5.** **Amendments of Pleadings**

No amendments are anticipated at this time.

**6.** **Evidence Preservation**

The parties have complied with the evidence preservation requirements.

**7.** **Disclosures**

Defendants have made their initial disclosures as required by the Order Setting the Initial Case Management Conference.   Plaintiff has not yet served his initial disclosures.  Plaintiff will have served the initial disclosures prior to the Case Management Conference.

**8.** **Discovery**

Defendant C&H has served a document request and interrogatories on Plaintiff.  The parties agree to the following discovery plan:  To propound initial document request and interrogatories in the next 2-3 months; to notice and take percipient witness depositions within the next 1-7 months; to serve additional paper discovery and take any additional percipient witness depositions within the next 8-9 months; to conduct expert discovery as indicated below.

**(a)** **Factual Discovery**

Each side shall take, as necessary, up to 10 depositions, provided that, if more depositions are necessary, the party seeking any additional depositions would obtain leave of court, pursuant to Rule 30(a)(2) of the Federal Rules of Civil Procedure.  No party may serve more than 25 interrogatories on any other party, pursuant to the Rule 33(a) of the Federal Rules of Civil Procedures.

1    **(b)    Expert Discovery**

2    The parties propose 100 days before trial as the deadline for designating any expert

3    witnesses and 70 days before trial for designating any rebuttal expert witnesses.  The parties

4    propose 45 days before trial as the deadline for completing expert discovery.

5    **9.    Class Actions**

6    Not applicable.

7    **10.    Related Cases**

8    Not applicable.

9    **11.    Relief**

10    Plaintiff's relief sought is as follows:  Special and economic damages, including past and

11    future lost wages, lost employment benefits, past and future and other monetary relief, general

12    damages and non-economic damages according, punitive damages, prejudgment interest at the

13    prevailing legal rate, attorneys fees and expert witness fees pursuant to Government Code section

14    12965 (b), costs of suit herein incurred and for such other and further relief as the court deems

15    just and proper  and as set forth in the Complaint.

16    Defendants contend that Plaintiff is not entitled to any recovery or relief.

17    **12.    Settlement and ADR**

18    The parties have agreed to participate in court sponsored mediation on October 23, 2008.

19    On July 3, 2008, the parties filed a stipulation and Proposed order selecting that ADR process.

20    **13.    Consent to Magistrate Judge for All Purposes**

21    At this time, the parties do not consent to assignment of the case to a United States

22    Magistrate Judge for trial.

23    **14.    Other References**

24    Not applicable.

25    **15.    Narrowing of the Issues**

26    Unknown at this time.  The parties reserve the right to bring suitable recommendations to

27    narrow the issues to the Court's attention at a later time.

28

- 8 -

**16.    Expedited Schedule**

Not applicable.

**17.    Scheduling**

Dispositive motions:  Hearing 60 days before trial

Discovery cutoff:  60 days before trial

Expert designation:  100 days before trial

Rebuttal expert designation:  70 days before trial

Expert discovery cutoff: 45 days before trial

Pretrial conference:  45 days before trial

Trial:  October 2009

Trial:  Five to seven days.

**18.    Trial**

A jury trial has been demanded by Plaintiff's counsel.

**19.    Disclosure of Non-party Interested Entities or Persons**

C&H has previously filed a Certification of Interested Entities and Persons.  C&H hereby reiterates the information in that certification:  The following non-party entity has an interest in the subject matter in controversy that could be substantially affected by the outcome of this proceeding:  American Sugar Refining, Inc.  American Sugar Refining, Inc. is a parent company of C&H, owning 100% of its stock.

*///*

*///*

*///*

*///*

*///*

*///*

*///*

*///*

*///*

- 9 -

1  **20.  Other Matters**

2       None.

3

4  DATED: August 28, 2008

5

6

7

8

9

10  DATED: August 28, 2008

11

12

13

14

15

16

17

18

19

20

21

22

23  DATED:

24

25

26

27

28

MASTAGNI, HOLSTEDT, AMICK,
MILLER, JOHNSEN AND
UHRHAMMER

By: _____
       Amanda Uhrhammer, Esq.
Attorneys for Plaintiff
JOAQUIN LEAL

**EPSTEIN BECKER & GREEN, P.C.**

By: _____
       Steven R. Blackburn
       Matthew A. Goodin
       Andrew J. Sommer
Attorneys for Defendants
C&H SUGAR COMPANY, INC. and KYLE
STRADLEIGH

**CASE MANAGEMENT ORDER**

The Case Management Statement and Proposed Order is hereby adopted by the Court as the Case Management Order for the case and the parties are ordered to comply with this Order. In addition the Court orders:

_____
UNITED STATES DISTRICT JUDGE JEFFREY S. WHITE

- 10 -

**20.    Other Matters**

None.

DATED:                                    **MASTAGNI, HOLSTEDT, AMICK,
                                          MILLER, JOHNSEN AND
                                          UHRHAMMER**


By: _____
        Amanda Uhrhammer, Esq.
Attorneys for Plaintiff
JOAQUIN LEAL

DATED:  August 28, 2008                   **EPSTEIN BECKER & GREEN, P.C.**




By:   /s/ Andrew J. Sommer
       Steven R. Blackburn
       Matthew A. Goodin
       Andrew J. Sommer

Attorneys for Defendants
C&H SUGAR COMPANY, INC. and KYLE
STRADLEIGH


## CASE MANAGEMENT ORDER

The Case Management Statement and Proposed Order is hereby adopted by the Court

as the Case Management Order for the case and the parties are ordered to comply with this

Order.  In addition the Court orders:



DATED:                        _____
                              UNITED STATES DISTRICT JUDGE JEFFREY S. WHITE